AO 106 (Rev. 04/10)  Application for a Search Warrant (Modified: WAWD 10-29/18)

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

```
_____ FILED _____ LODGED
_____ RECEIVED

           Oct 29, 2020

       CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

In the Matter of the Search of                 )
*(Briefly describe the property to be searched*     )
*or identify the person by name and address)*       )
1645 Joyce Piedmont Road, Port Angeles,        )        Case No.   MJ20-5248
Washington, and a white Chevrolet Silverado    )
                                               )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A, attached hereto and incorporated herein by reference.

located in the _____Western_____ District of _____Washington_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, attached hereto and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 922(a)(6) and 2 | Aiding and Abetting Making a False Statement in Connection with Acquisition of Firearm |

The application is based on these facts:

☑  See Affidavit of Nathan Petrulak, attached hereto and incorporated herein by reference

☐  Delayed notice of _____ days (give exact ending date if more than 30 days: _____ is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

---

Pursuant to Fed. R. Crim. P. 4.1, this warrant is presented: ☑ by reliable electronic means; or: ☐ telephonically recorded.

*Applicant's signature*

Nathan Petrulak, Special Agent, ATF
*Printed name and title*

◯ The foregoing affidavit was sworn to before me and signed in my presence, or
◉ The above-named agent provided a sworn statement attesting to the truth of the foregoing affidavit by telephone.

Date:  _____10/29/2020_____

*Judge's signature*

City and state:  ___Tacoma, Washington___     J. Richard Creatura, United States Magistrate Judge
*Printed name and title*

USAO: 2020R00751

**AFFIDAVIT OF NATHAN PETRULAK**

STATE OF WASHINGTON          )
                             )          ss
COUNTY OF KING               )

I, Nathan Petrulak, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, Seattle, Washington, being first duly sworn, hereby depose and state as follows:

**<u>INTRODUCTION</u>**

1.      This Affidavit is being submitted pursuant to Federal Rule of Criminal Procedure 41 in support of an Application for a warrant authorizing the search of the following, which are more particularly described in Attachment A, which is incorporated herein by reference:

        a.      a residence located at 1645 Joyce-Piedmont Road, Port Angeles, Washington, (hereinafter the SUBJECT LOCATION),; and

        b.      a white 2015 Chevy Silverado, bearing Washington state license plate C10284R with VIN: GC4K0E81FF589043 (hereinafter the SUBJECT VEHICLE).

The evidence to be searched for and seized is more particularly described in Attachment B, which is incorporated herein by reference.

2.      Based on my training and experience and the facts as set forth in this Affidavit, there is probable cause to believe that violations of Title 18, United States Code, Sections 922(a)(6) and 2, *Aiding and Abetting Making a False Statement in Connection with the Acquisition of a Firearm*, and Title 18, United States Code, Sections 922(g)(1), *Felon in Possession of a Firearm*, have been committed and are being committed by HUNTER CHRISTOPHER BURROWS. There is also probable cause to believe that the SUBJECT LOCATION and SUBJECT VEHICLE described above contains evidence of the aforementioned offenses. As such, there is probable cause to search the SUBJECT LOCATION and SUBJECT VEHICLE described in Attachment A,

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 for evidence, instrumentalities, or contraband of these crimes, as well as HUNTER

2 CHRISTOPHER BURROWS himself, as described in Attachment B. Obtaining the

3 information sought in this Affidavit is necessary to further the investigation into these

4 offenses.

5 ## AGENT BACKGROUND

6     3.    I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms,

7 and Explosives (ATF) and have been so employed since March 6, 2018. I am an

8 "investigative or law enforcement officer of the United States" within the meaning of

9 Title 18, United States Code, Section 2510(7), that is, an officer of the United States

10 who is empowered by law to conduct investigations of, and to make arrests for, offenses

11 enumerated in Title 18, United States Code, Section 2516. I am currently assigned to the

12 Seattle Field Division in Seattle, Washington where I am assigned to the Seattle I Field

13 Office.

14     4.    I received formal training in the Federal Law Enforcement Training Center

15 in Glynco, Georgia, Criminal Investigators Training Program, which familiarized me

16 with basic narcotic investigations, drug identification and detection, familiarization with

17 United States narcotics laws, financial investigations and money laundering,

18 identification and seizure of drug-related assets, organized crime investigations, physical

19 and electronic surveillance, and undercover operations.  In addition, I successfully

20 completed a fifteen-week ATF Special Agent Basic Training course in Glynco, Georgia,

21 which included comprehensive, formalized instruction in, among other things: firearms

22 identification, firearms trafficking, arson and explosives, and tobacco and alcohol

23 diversion. I am graduate of Point Park University where I received a Master's in Business

24 Administration in 2014. Additionally, I am a graduate of the University of Pittsburgh

25 where I received a Bachelor of Science in Biological Sciences in 2010. As a result of my

26 training, experience, and that of other more experienced investigators, I have an

27 understanding of the manner in which narcotics are distributed and various roles played

28

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  by individuals or groups involved in the distribution, along with unlawful use of firearms

2  during crimes of violence and/or drug trafficking and firearms trafficking.

3      5.      The facts set forth in this Affidavit are based on my own personal

4  knowledge; knowledge obtained from other individuals who participated in this

5  investigation, including other law enforcement officers; my review of documents and

6  records related to this investigation; and information gained through my training and

7  experience. Because this Affidavit is submitted for the limited purpose of establishing

8  probable cause in support of the Application for a search warrant, it does not set forth

9  each and every fact that I or others have learned during the course of this investigation,

10  but only those facts necessary to set forth probable cause in support of this Application.

11                          **APPLICABLE LAW**

12      6.      Title 18, United States Code, Section 922(a)(6) provides for criminal

13  penalties for knowingly making a false and fictitious statement in connection with the

14  acquisition of a firearm from a federally licensed firearms dealer that is intended and

15  likely to deceive such dealer with respect to a fact material to the lawfulness of the sale of

16  such firearm. Title 18, United States Code, Section 2, provides for criminal penalties for

17  those who aid and abet those acts. Title 18, United States Code, Sections 922(g)(1) and

18  (8) provide for criminal penalties for a person who knowingly possesses a firearm that

19  has moved in interstate or foreign commerce after knowingly having been convicted of a

20  crime punishable by more than a year in prison, or is subject to a court order protecting

21  an intimate partner from harassment.

22              **KNOWLEDGE BASED ON TRAINING AND EXPERIENCE**

23      7.      Based upon my training and experience, including my experience in other

24  firearms investigations, and my discussions with other experienced officers and agents

25  involved in firearms investigations, I know that gun owners, especially individuals who

26  possess or own multiple firearms and/or a gun safe, often keep firearms for a lengthy

27  period of time—years and even decades. I also know that individuals who possess guns

28  also often have gun accessories, including but not limited to ammunition, scopes,

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

holsters, cases, cleaning kits, and safes in which to store firearms. I am aware that, when someone makes a purchase of a firearm from a federally licensed firearms dealer, he will be provided with a receipt and other paperwork with respect to the sale, such as owner's manuals, warranty/manufacturer information, and safety brochures, and I know that individuals who purchase guns in this manner often retain such documentation. I also know that firearms can be purchased over the internet, both from legitimate gun brokers and from other sources. Internet-enabled cell phones (i.e., "smart phones") and other digital devices like computers may be used to facilitate such purchases. Those digital devices may contain evidence of those purchases, including but not limited to photos of firearms; texts and/or emails discussing purchases; emails showing receipts of transactions; and caches of internet sites that the device's user visited to look for and purchase firearms. I also know that when a purchase is made over the internet and the item is shipped to the purchaser, the items often arrive with envelopes, invoices, receipts, packaging, owner's manuals, and assembly instructions. Finally, I know that people tend to retain records or receipts for expensive or notable purchases, including firearms, for several years after the purchase. One of the reasons people retain these records is to use for filing a police report or insurance claim if the firearm is lost or stolen.

## STATEMENT OF PROBABLE CAUSE

### *Background*

8.      Julian Hedin owns a business called Better Pawn in Port Angeles, Washington. That store sells firearms, and has a federal firearms license to do so, issued under the license name "Better Pawn: A White Trash Fabrication Company LLC," and trade name "Better Pawn."

9.      Gunbroker.com is an online retailed that operates similar to EBay. Sellers of firearms and related items (ammunition, gun cleaning kits, etc.) can post items that they are offering for sale onto Gunbroker.com's website. Potential buyers then bid on those items over a set period, or buy them outright. Due to firearms regulations, sellers may then send the purchased firearm to a federally licensed firearm dealer convenient to

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the purchaser. That federally licensed firearms dealer can then have the purchaser

2  complete the necessary paperwork to effect a lawful transfer of the firearm to the

3  purchaser.

*Attempted Purchase of Semiautomatic Rifle*

4

5  10.   According to its records, on or about May 11, 2020, Gunbroker.com

6  processed a purchase of an FNH Scar 17S FDE NIB .308 rifle on its website. The seller

7  of the firearm was Nesbit Guns in Newcastle, Pennsylvania. The purchase price was

8  $3,294.97. The listed buyer of the firearm was the Gunbroker.com user name

9  "Halibutking 1." The transaction was to be billed to Allie Johnson at an address on

10  Reddick Road in Port Angeles, Washington, with a phone number of (360) 460-5863 and

11  an email address of hunterburrowsnw@gmail.com. The purchaser directed that the

12  firearm be shipped to Better Pawn in Port Angeles, Washington, for pick up.

13  11.   Hedin reported that, after he received the invoice and rifle at Better Pawn,

14  HUNTER CHRISTOPHER BURROWS called the shop perhaps a half-dozen times to

15  discuss the purchase of the rifle. HUNTER CHRISTOPHER BURROWS told Hedin that

16  his "wife" was going to do the paperwork to purchase the rifle, and that it would be her

17  rifle.

18  12.   Hedin explained that, on June 3, 2020, at about 2:00 or 2:30 p.m.,

19  HUNTER CHRISTOPHER BURROWS came to Better Pawn. Allie Johnson arrived at

20  the pawn shop at about the same time in a separate vehicle. They came into the store

21  together to pick up the rifle, and indicated that they were a married couple. HUNTER

22  CHRISTOPHER BURROWS asked questions about certain firearms in the store and

23  looked at some of the firearms on display. Allie Johnson did not seem to know anything

24  about firearms, like correct terminology.

25  13.   Hedin was suspicious that the purchase was a straw purchase, i.e. that Allie

26  Johnson was not the true purchaser and was illegally purchasing the firearm for

27  HUNTER CHRISTOPHER BURROWS. He asked HUNTER CHRISTOPHER

28

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   BURROWS and Allie Johnson a number of questions to probe that issue and put them on
2   notice that he was concerned that it was a straw purchase.

3        14.    Hedin reported that Allie Johnson completed a Washington State Firearm
4   Transfer Application and an ATF Firearms Transaction Record (Form 4473) to acquire
5   the FNH Scar 17S FDE NIB .308 rifle. On the state application, Allie Johnson answered
6   question 3 in Section C "If purchasing a semiautomatic rifle, do you certify you have
7   completed the required safety training within the past 5 years" by checking the box
8   "Yes." She then signed that form under penalty of perjury. On the ATF Form 4473, Allie
9   Johnson answered question 11.a "Are you the actual transferee/buyer of the firearm(s)
10  listed on this form?" by checking the box "Yes." The Form 4473 warned her that
11  answering "yes" to question 11.a if she were not the actual transferee or buyer was a
12  felony, and that answering any of the questions falsely was also a felony. Allie Johnson
13  then signed the ATF Form 4473 certifying that her answers were true, correct, and
14  complete.

15       15.    According to Hedin, although the rifle had already been paid for via
16  Gunbroker.com, the taxes and fees had not been paid. HUNTER CHRISTOPHER
17  BURROWS took out his wallet and paid for the taxes and fees with cash. Hedin provided
18  a receipt to Allie Johnson.

19       16.    HUNTER CHRISTOPHER BURROWS and Allie Johnson then left Better
20  Pawn. Allie Johnson's background check had not been completed yet, so they did not
21  take the firearm with them. Hedin could hear Allie Johnson and HUNTER
22  CHRISTOPHER BURROWS while they were outside, before they drove away.
23  HUNTER CHRISTOPHER BURROWS told Allie Johnson to call him right away once
24  she was approved so that he could come pick up the rifle. Allie Johnson said something
25  to the effect that she wanted HUNTER CHRISTOPHER BURROWS to stop and not get
26  her into any further trouble.

27       17.    The next day, Hedin was contacted by an individual who identified himself
28  as a relative of Allie Johnson. That person was a long-time customer of Hedin. The

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

relative explained that HUNTER CHRISTOPHER BURROWS was pressuring or coercing Allie Johnson into buying the FNH Scar rifle for HUNTER CHRISTOPHER BURROWS, and that she was afraid of him. The relative was concerned for Allie Johnson's safety. He said that Allie Johnson and he wanted Hedin to deny the purchase so that HUNTER CHRISTOPHER BURROWS would not get the rifle and would not know that it was because of Allie Johnson's actions that he could not have the firearm.

### Investigation into Aiding and Abetting

### Making a False Statement in Connection with the Acquisition of a Firearm

18.     After receiving the information from Allie Johnson's relative, Hedin contacted local police and ATF to advise that he believed that Allie Johnson and HUNTER CHRISTOPHER BURROWS were engaged in a straw purchase, in which Allie Johnson was buying a firearm for HUNTER CHRISTOPHER BURROWS at his behest. He provided a written statement reporting what had occurred, as described above.

19.     ATF Special Agents Angelo Salcepuedes and Elliott Prose met with and interviewed Hedin. Hedin reported the information described above, and identified Allie Johnson's relative who had reported the straw purchase to him. Agents Salcepuedes and Prose showed Hedin photographs of HUNTER CHRISTOPHER BURROWS and Allie Johnson, and he identified both of them as the people who were in his store to buy the FNH Scar file on June 3, 2020. Hedin also provided Agents Salcepuedes and Prose with video of the June 3, 2020, transaction from his in-store surveillance cameras. The video clearly depicts HUNTER CHRISTOPHER BURROWS and Allie Johnson in the store and interacting with Hedin, including showing HUNTER CHRISTOPHER BURROWS reaching into his wallet, pulling out cash, and providing that cash to Hedin for the taxes and fees. Finally, Hedin provided Agents Salcepuedes and Prose with copies of the forms that Allie Johnson completed and the Gunbroker.com/Nesbit Guns invoice for the purchase of the FNH Scar rifle.

20.     On June 10, 2020, Agent Salcepuedes contacted Allie Johnson by telephone to conduct an interview. Allie Johnson was willing to speak with him, and provided a

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    recorded statement. She said that she had met HUNTER CHRISTOPHER BURROWS in

2    September 2019, and they had dated for a few weeks. Allie Johnson reported that

3    HUNTER CHRISTOPHER BURROWS told her he saw a gun that he wanted and asked

4    her to get it for him. HUNTER CHRISTOPHER BURROWS explained to her how the

5    purchase would occur. HUNTER CHRISTOPHER BURROWS then transferred

6    thousands of dollars from his Chase bank account into Allie Johnson's Chase bank

7    account so she could make the purchase. HUNTER CHRISTOPHER BURROWS also

8    took an online test for her so that Allie Johnson could be certified to have the type of gun

9    he wanted.

10          21.     Allie Johnson said HUNTER CHRISTOPHER BURROWS first tried to

11   purchase the gun he wanted from Palmetto Armory, but was unsuccessful. Later, he was

12   able to purchase the firearm through a different channel. Once the firearm was received

13   by Better Pawn, Allie Johnson kept trying to put off going to the store to pick up the

14   firearm. She eventually went and met HUNTER CHRISTOPHER BURROWS there.

15   HUNTER CHRISTOPHER BURROWS had told her to try to act as if she knew about

16   firearms or was interested in them. However, at the pawnshop, the person helping them

17   was obviously aware of what was happening because he kept asking questions and

18   talking about "red flags." While she was completing the paperwork, HUNTER

19   CHRISTOPHER BURROWS pulled out his wallet and removed cash to pay for the taxes

20   for the firearm.

21          22.     Allie Johnson explained that she did what HUNTER CHRISTOPHER

22   BURROWS asked because she was afraid of him. She described HUNTER

23   CHRISTOPHER BURROWS as manipulative, and said that he had threatened to have

24   CPS take her children away.

25          23.     After she had completed the paperwork at Better Pawn to purchase the

26   firearm, she talked to a relative who knew the owner of the pawnshop. She said her

27   relative asked the owner if there was a way to deny the purchase so it would not look like

28

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Allie Johnson had not cooperated with the purchase. She wanted a text that she could show to HUNTER CHRISTOPHER BURROWS so that he would leave her alone.

24.     Agents looked at text messages on Allie Johnson's phone that were sent to her by HUNTER CHRISTOPHER BURROWS. When the Palmetto Armory purchase was denied, he told her "you're going to be really ducked [sic] because I'm getting a refund and they are going to send that back but only credit a portion . . . Enjoy what's gonna happen this is it I promise . . . I'm going to dispute in 15 minutes they credit me the money out of your bank and when u send it back they only credit 75 [per]cent so that's going to screw you I spent 2000 for stuff on a gun . . . . I'm logging on my bank so it's going to pull 4200 out of your account immediately and this is all your problem to figure out . . . I'm going to pay u back like u won't believe this is just the start." He then said he was going to cause her bank account to be overdrawn by $4,200.

25.     When HUNTER CHRISTOPHER BURROWS sensed that Allie Johnson was stalling in meeting with him to pick up the firearm, he told her, in part, "It would be in your best interest to just keep your word and go out [sic] separate ways. Otherwise it will be ugly." He complained that the gun had "been sitting there for 2 weeks" and expressed frustration with her excuses not to meet him. He told her that if she didn't meet him at the pawn store the next day, "I will do what I need to obviously . . . Have fun with cps etc. I've hit [sic] some great pictures of u." When she retorted she had photos of him too, HUNTER CHRISTOPHER BURROWS replied, "Cool I don't care I don't have kids u do but won't soon."

26.     I have reviewed records from Palmetto Armory that show that on or about April 30, 2020, a person identifying themselves as Allie Johnson tried to purchase via the internet a FNH FN Scar 7.62 semi-automatic rifle to be shipped to a pawn store in Port Angeles for pick up. The price of the rifle was $3,162.99, and the total invoice was for $3,804.71. The transaction was declined.

27.     I have also reviewed records from Chase relating to Allie Johnson's bank account there. Those records show that, on April 29, 2020, a cash deposit was made into

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  the account at an ATM in the amount of $2,160.00, bringing the total balance in the

2  account from $4.64 to $2,164.64. On the same day, a payment was made into Allie

3  Johnson's account from Zelle, an online payment service, from "Hunter Burrows" in the

4  amount of $2,000. A few days later, the Palmetto Armory charge of $3,804.71 was

5  debited from Allie Johnson's account. On May 11, 2020, that debit was reversed.[1] The

6  account records also show that, on May 11, 2020, Allie Johnson made three payments via

7  Zelle from her account to "Hunter," totaling $430.00. On May 12, 2020, $3,294.97 was

8  debited from the account, paid to "Nesbit Guns" via a card purchase. Another $200 was

9  transferred to "Hunter" via Zelle the same day.

10     28.     I have also reviewed records from Verizon, a phone company. Those

11  records show that the phone number (360) 460-5863, which is the phone number

12  associated with the Nesbit Guns purchase, has been subscribed to HUNTER

13  CHRISTOPHER BURROWS since at least January 2019.

14     29.     Contemporaneously with this Application for a search warrant, I am

15  submitting to the Court a Complaint charging HUNTER CHRISTOPHER BURROWS

16  with one count of *Aiding and Abetting Making a False Statement in Connection with the*

17  *Acquisition of a Firearm*, and requesting that the court issue a warrant for the arrest of

18  HUNTER CHRISTOPHER BURROWS.

19          ***HUNTER CHRISTOPHER BURROWS's Status as a Prohibited Person***

20     30.     I have reviewed records relating to HUNTER CHRISTOPHER

21  BURROWS's criminal history. Those records show that HUNTER CHRISTOPHER

22  BURROWS has a Washington State conviction for *Vehicular Homicide*, a felony. RCW

23  46.61.520. This conviction prevents HUNTER CHRISTOPHER BURROWS from

24  lawfully possessing a firearm under Washington State law. RCW 9.41.040(1)(a),

25  (2)(a)(i); RCW 9.41.010(27). It appears that this offense is punishable by more than one

26

27  _____

28  [1] The credit to the account from Palmetto Armory was actually made twice. That double credit was corrected on May 26, 2020.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   year in prison. The statutory maximum sentence for this crime is life in prison. RCW

2   46.61.520. HUNTER CHRISTOPHER BURROWS was prosecuted for this offense as a

3   juvenile, and as such, the court could have imposed more than one year in prison for this

4   offense.

5         31.      Additionally, I have reviewed documents from Clallam County Superior

6   Court case number 19-2-00961-05 relating to an application for a protective order made

7   by Lesly Burrows, HUNTER CHRISTOPHER BURROWS's wife. According to those

8   records, Lesly Burrows applied for a protective order on or about November 17, 2019, to

9   prevent HUNTER CHRISTOPHER BURROWS from contacting, harassing, stalking, or

10   threatening her. At the same time, she asked the court for an order requiring HUNTER

11   CHRISTOPHER BURROWS to surrender all firearms.

12         32.      On or about December 20, 2019, the Clallam County Superior Court

13   entered a Protection Order. The Protection Order complied in all respects with the

14   requirements of Title 18, United States Code, Section 922(g)(8)(A)-(C). In particular, the

15   court found that the respondent, HUNTER CHRISTOPHER BURROWS, had been

16   personally served with notice of the hearing; had actual notice of the hearing; and in fact

17   attended the hearing to address the issuance of the protective order. The court found that

18   the petitioner, Lesly Burrows, was a spouse or former spouse of HUNTER

19   CHRISTOPHER BURROWS (i.e., an "intimate partner"), and found that HUNTER

20   CHRISTOPHER BURROWS represents a credible threat to the physical safety of the

21   protected persons, Lesly Burrows and her son. The order restrained HUNTER

22   CHRISTOPHER BURROWS from causing physical harm, bodily injury, assault,

23   including sexual assault, and from molesting, harassing, threatening, or stalking Lesly

24   Burrows or her son. Finally, the order informed HUNTER CHRISTOPHER BURROWS

25   that he must not possess any firearms, and that possession of firearms or ammunition is a

26   violation of federal law for which he could be punished by up to ten years in prison and a

27   $250,000 fine. The Protective Order provides that it is effective immediately and for a

28   period of one year.

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### *Probable Cause That HUNTER CHRISTOPHER BURROWS*
### *Possesses Firearms and/or Ammunition*

33.     In the petition for a protective order filed by Lesly Burrows in November 2019, she described approximately twelve firearms in HUNTER CHRISTOPHER BURROWS's possession, and reported that they were maintained in his residence in a safe in the master bedroom. These firearms included several handguns and rifles, at least two of which (an SKS and an AK-47) commonly use 7.62 ammunition, the type HUNTER CHRISTOPHER BURROWS purchased from Palmetto Armory.

34.     During my investigation into the offense of *Aiding and Abetting Making a False Statement in Connection with the Acquisition of a Firearm*, discussed above, I reviewed police reports provided by the Clallam County Sheriff's Office with respect to HUNTER CHRISTOPHER BURROWS. One of those reports, from April 15, 2020, documents a police response to HUNTER CHRISTOPHER BURROWS's residence at 1645 Joyce-Piedmont Road, Port Angeles, Washington. On that date, Clallam County Sheriff's Office deputies went to that residence in response to a call from Lesly Burrows, from whom he is separated. Lesly Burrows asked for a welfare check on HUNTER CHRISTOPHER BURROWS because she was concerned that he was suicidal, based on recent text messages and phone calls between them despite the protective order. (Lesly Burrows reported that she was not afraid at that time for her own safety, only for his.) When police went to 1645 Joyce-Piedmont Road, Port Angeles, Washington, they were unable to get HUNTER CHRISTOPHER BURROWS to come to the door even though his car was in the driveway. He also did not answer his phone; the outgoing voicemail message identified the phone as used by HUNTER CHRISTOPHER BURROWS. The deputies then called Lesly Burrows for additional information, including whether there were firearms in the house. Lesly Burrows told the deputies that there were several firearms in the upstairs bedroom.

35.     As part of my investigation into the offense of *Aiding and Abetting Making a False Statement in Connection with the Acquisition of a Firearm*, I reviewed records

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 12

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  provided by Palmetto Armory. In addition to reflecting Allie Johnson's attempted

2  purchase of a firearm in April, those records also show that on May 8, 2020, a person

3  identifying himself as "Hunter Burrows" with a phone number of (360) 460-5863 and an

4  email address of hunterburrowsnw@gmail.com ordered 500 rounds of 7.62 ammunition.

5  The order directed the ammunition to be shipped to 1645 Joyce Piedmont Rx [sic] in Port

6  Angeles, Washington. The records reflect that that ammunition was shipped the next day

7  as ordered, and included a UPS tracking number.

8       36.     In September 2020, I interviewed Allie Johnson regarding her knowledge

9  of HUNTER CHRISTOPHER BURROWS's possession of firearms and ammunition.

10  Allie Johnson reported that she knows that HUNTER CHRISTOPHER BURROWS

11  keeps guns and has seen those firearms in his home and with him in his car. Specifically,

12  she said that HUNTER CHRISTOPHER BURROWS normally carries a handgun on his

13  person, which she believes may be a 40 caliber. She said that when he is driving his

14  truck, HUNTER CHRISTOPHER BURROWS kept that gun in the center console of the

15  vehicle. At his home, she would see firearms behind the couch cushions, on top of the

16  refrigerator, openly on the kitchen counter, or on a shelf near the rear sliding glass door.

17  Allie Johnson also said she that HUNTER CHRISTOPHER BURROWS had a gun safe

18  in the upstairs bedroom where he keeps most of his guns. She has seen HUNTER

19  CHRISTOPHER BURROWS access the guns in that safe, and that there were

20  approximately seven or eight guns inside. She described the firearms as a mix of

21  handguns and rifles. Allie Johnson said she understood that some of the firearms

22  belonged to HUNTER CHRISTOPHER BURROWS's wife/ex-wife, and some belonged

23  to HUNTER CHRISTOPHER BURROWS's father. Allie Johnson also reported she had

24  seen HUNTER CHRISTOPHER BURROWS fire the rifles off of his back porch into the

25  woods. The last time that Allie Johnson was at HUNTER CHRISTOPHER BURROWS's

26  residence was about four to six months before the September interview, but that she

27  continues to communicate periodically with HUNTER CHRISTOPHER BURROWS.

28

USAO 2020R00751
AFFIDAVIT OF SA NATHAN PETRULAK - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Allie Johnson expressed fear of retaliation from HUNTER CHRISTOPHER BURROWS

2  if he finds out that she talked to the police about him.

3        37.     I conducted a records check on HUNTER CHRISTOPHER BURROWS. It

4  shows that he is the owner of a 2015 Chevrolet Silverado, the SUBJECT VEHICLE, that

5  is registered to him at 1645 Joyce Piedmont Road, Port Angeles, Washington, the

6  SUBJECT LOCATION. He has had a number of other vehicles and vessels registered to

7  him at that address, dating back to at least 2007.

8        38.     Earlier this month, I learned from deputies at the Clallam County Sheriff's

9  Office that they were conducting an investigation into HUNTER CHRISTOPHER

10  BURROWS for unlawful possession of a firearm. Deputy James Dixon learned from a

11  review of pawn shop records that HUNTER CHRISTOPHER BURROWS had pawned a

12  Remington Arms .22 caliber rifle on September 5, 2020, at EZ Pawn in Clallam County,

13  Washington. Deputy Dixon contacted the pawn shop and spoke with the owner. The

14  owner told him that he knew HUNTER CHRISTOPHER BURROWS by sight as he is a

15  frequent customer. The owner provided Deputy Dixon access to surveillance video

16  showing the September 5, 2020, transaction. Deputy Dixon reviewed the video and saw

17  that it depicted a man wearing a Seahawks jersey and a face covering enter the store

18  carrying two rifles. The man came from a newer white Chevrolet crew-cab pickup truck,

19  consistent in appearance with a 2015 Chevrolet Silverado like the SUBJECT VEHICLE.

20        39.     Deputy Dixon also spoke with the EZ Pawn clerk who conducted the

21  September 5, 2020, transaction with HUNTER CHRISTOPHER BURROWS. The clerk

22  said he knew HUNTER CHRISTOPHER BURROWS and remembered the September 5,

23  2020, transaction. He said that on that date, HUNTER CHRISTOPHER BURROWS

24  came into the store with a Remington long run and an AK-style rifle, as well as two or

25  three magazines; he was looking to obtain a loan against the items. The clerk evaluated

26  the rifles and made an offer to HUNTER CHRISTOPHER BURROWS. He said

27  HUNTER CHRISTOPHER BURROWS declined the offer on the AK but did get a loan

28  on the Remington. The clerk explained that HUNTER CHRISTOPHER BURROWS had

1  ninety days from the date of the loan to pay the loan and interest, or the Remington would
2  default to the pawn shop, which would then sell it. The clerk also said that although he
3  has no recollection of HUNTER CHRISTOPHER BURROWS attempting to purchase
4  firearms at the store, he had purchased some optics for firearms. The clerk reviewed the
5  surveillance video provided by the owner for the September 5, 2020, transaction, and
6  confirmed to Deputy Dixon that it depicted HUNTER CHRISTOPHER BURROWS.

7  **CONCLUSION**

8       40.    Based on the foregoing, I submit there is probable cause to believe that
9  contained within the locations described in Attachment A there exists evidence, fruits,
10  and instrumentalities, as described in Attachment B, of violations of 18 U.S.C. §§
11  922(a)(6) and (g)(1), (8) committed by HUNTER CHRISTOPHER BURROWS.

12       41.    Based on the foregoing, I respectfully request that the Court issue the
13  proposed search warrant.

14
15  _____
16  Nathan Petrulak, Affiant
   Special Agent, ATF
17
18       The above-named agent provided a sworn statement to the truth of the foregoing
19  affidavit by telephone on the 29th day of October, 2020.
20
21
22  _____
23  J. Richard Creatura
   United States Magistrate Judge
24
25
26
27
28

**ATTACHMENT A**

**Location to Be Searched**

1.      The SUBJECT LOCATION, a single family dwelling located at 1645 Joyce-Piedmont Road, Port Angeles, Washington, where items described in Attachment B could be found, including HUNTER CHRISTOPHER BURROWS. The SUBJECT LOCATION is a three-story residence which sits approximately 500 feet off of Olympic Discovery Trail Road on a 4.86 acre lot. The house is a tan wooden panel home with a green metal roof and eight large windows that face the driveway. Adjacent to the house is a matching detached two-car garage.

Below are photographs from public records of the SUBJECT LOCATION:



ATTACHMENT A - 1
USAO No. 2020R00751

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15
16
17
18
19
20
21
22
23
24
25
26
27
28



ATTACHMENT A - 2
USAO No. 2020R00751

1        2.       All closed or locked containers or safes within the residence located at 1645

2 Joyce-Piedmont Road, Port Angeles, Washington, where items described in Attachment

3 B could be found, including HUNTER CHRISTOPHER BURROWS.

4        3.       All outbuildings, storage units, garages, and other structures located on the

5 property at 1645 Joyce-Piedmont Road, Port Angeles, Washington, whether locked or

6 unlocked, where items described in Attachment B could be found, including HUNTER

7 CHRISTOPHER BURROWS.

8        4.       The SUBJECT VEHICLE: a white 2015 Chevy Silverado bearing

9 Washington State license plate C10284R, and having VIN GC4K0E81FF589043, where

10 items described in Attachment B could be found, including HUNTER CHRISTOPHER

11 BURROWS.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**ATTACHMENT B**

**Items to Be Seized**

For the places to be searched listed in Attachment A of this warrant, the government is authorized to search for and seize the following items, which are evidence and/or fruits of the commission of the following crimes: *Felon in Possession of Firearms and/or Ammunition*, in violation of Title 18, United States Code, Section 922(g)(1), and/or *Aiding and Abetting Making a False Statement in Connection with the Acquisition of a Firearm*, in violation of Title 18, United States Code, Section 922(a)(6):

1.      Firearms, parts thereof, and ammunition that are evidence of the above-listed crimes;

2.      Firearm-related items, including but not limited to firearms magazines, firearms accessories, holsters, gun cases, pistol grips, cleaning equipment, firearms safes or other storage devices, firearms manuals, records of the purchase of firearms, or other items related to the ownership or use of firearms;

3.      Documents such as ledgers, receipts, notes, owner's manuals, invoices, packaging labels, Firearms Transaction Records (ATF Form 4473s), and similar items relating to the acquisition, possession, or transfer of firearms or firearm-related items;

4.      Photographs, video tapes, digital cameras, and similar items depicting the acquisition, possession, or transfer of firearms, ammunition, firearm parts, or firearm accessories;

5.      Cell phones and other communications devices (if such cell phones or other communications devices are seized, the government will seek further authorization from the Court before searching their contents);

6.      Indicia of occupancy, residency, and/or ownership of the premises at 1645 Joyce Piedmont Road, Port Angeles, Washington (the SUBJECT LOCATION), and the 2015 Chevy Silverado (the SUBJECT VEHICLE), as described in Attachment A, including but not limited to rental records or payment receipts, deeds, escrow documents, mortgage statements, vehicle registration and bill of sale, and other documents or items

ATTACHMENT B - 1
USAO No. 2020R00751

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    that tend to show the purchase, ownership, rental, or control of the SUBJECT

2    LOCATION and/or SUBJECT VEHICLE;

3         7.     Items of personal property that tend to identify the person(s) in residence,

4    occupancy, control, or ownership of the SUBJECT LOCATION and/or SUBJECT

5    VEHICLE, including but not limited to canceled mail, deeds, leases, rental agreements,

6    photographs, personal telephone books, diaries, utility and telephone bills, statements,

7    identification documents, and keys; and

8         8.     The person of HUNTER CHRISTOPHER BURROWS.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATTACHMENT B - 2
USAO No. 2020R00751

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970